**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

CHRISTOPHER L. FALCONE,

Plaintiff,

v.

THE UNIVERSITY OF MINNESOTA and THE BOARD OF REGENTS,

Defendant.

Civil No. 01-1181 (JRT/SRN)

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

Gregg Corwin and Jennifer J. Duchscherer, GREGG M. CORWIN & ASSOCIATES LAW OFFICE, P.C., 508 East Parkdale Plaza Building, 1660 South Highway 100, St. Louis Park, MN 55416, for plaintiff.

Thomas J. Schumacher, GENERAL COUNSEL OF THE UNIVERSITY OF MINNESOTA, 360 McNamara Alumni Center, 200 Oak Street, S.E., Minneapolis, MN 55455, for defendants.

Plaintiff Christopher Falcone ("Falcone"), a former student at the University of Minnesota Medical School, has sued defendants (the "University") for discrimination in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. This matter is now before the Court on the University's motion to dismiss the complaint under Rule 12(c), or in the alternative, for summary judgment. Because the University presents an affidavit and other matters outside the pleadings with its motion, the Court treats the

SEP 2 4 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

motion as one for summary judgment. *See* Fed. R. Civ. P. 12(c). For the reasons discussed below, the Court now denies the University's motion.

## BACKGROUND

Falcone has a disease called Crouzons Syndrome. Because of this disease, he has several disabilities, including Attention Deficit Hyperactivity Disorder (ADHD), developmental dyslexia, sleep apnea, and hearing loss. Among Falcone's impairments are some documented learning disabilities. Falcone enrolled in the University of Minnesota Medical School in September 1995. Upon enrolling, Falcone registered with the school's Disability Services office to receive accommodations for his disabilities. Falcone apparently struggled academically, and on March 15, 2000, the Medical School's Committee on Student Scholastic Standing (COSSS) decided to dismiss him. Falcone appealed this decision, but on April 27, 2000, the COSSS rejected the appeal. On June 29, 2001, Falcone brought the present lawsuit against the University.

## ANALYSIS

Falcone has sued for discrimination under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) ("Section 504"). The University argues that Falcone's claim under this statute is time-barred. Section 504, however, contains no period of limitations. The University argues that the one-year statute of limitations contained in the Minnesota Human Rights Act should apply, which would bar Falcone's complaint. *See* Minn. Stat. § 363.06, subd. 3. Falcone argues that the Court should apply Minnesota's six-year

statute of limitations for personal injury claims. *See* Minn. Stat. § 514.05. Under this statute of limitations, Falcone's claim would still be viable.

## I. Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II. Statute of Limitations

Congress did not include a statute of limitations in the Rehabilitation Act. When federal statutes do not contain their own limitations periods, federal courts apply the most appropriate or analogous statute of limitations from the forum state. *Wilson v. Garcia*, 471 U.S. 261, 266-68 (1985); *Strawn v. Missouri Bd. of Ed.*, 219 F.3d 954, 957 (8th Cir. 2000); *Egerdahl v. Hibbing Comm. College*, 72 F.3d 615, 617 (8th Cir. 1995). In *Wilson*, the United States Supreme Court held that civil rights claims under 42 U.S.C. § 1983 should always be characterized as personal injury claims, and thus governed by the personal injury statute of limitations in the forum state. *Wilson*, 471 U.S. at 475-76. The Court found that this would maintain intra-state uniformity and ensure smooth

adjudication of civil rights claims. *See also Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987) (extending the holding of *Wilson* to claims under 42 U.S.C. § 1981).

The Court's decision in this case is directed by two Eighth Circuit rulings issued since the Court heard oral argument on the University's motion. In *Ballard v. Rubin*, 284 F.3d 957 (8th Cir. 2002), the court held that because § 504 is a civil rights statute like § 1983, claims under § 504 are treated as personal injury actions, and therefore subject to the forum state's statute of limitation for such actions. *Id.* at 952-63 (borrowing Missouri's personal injury statute of limitations). Most recently, the Eighth Circuit determined that "Minnesota's six-year statute of limitations for personal injury actions should be applied to [a] Rehabilitation Act claim." *Faibisch v. University of Minnesota*, No. 01-1140, 2002 WL 31094786 at *3 (8th Cir. Sept. 20, 2002). *Faibisch* authoritatively answers the question raised by the University's motion. Falcone's dismissal from the Medical School was finalized on April 27, 2000. He filed this lawsuit on June 29, 2001, well within Minnesota's six-year statute of limitations for personal injury actions. The University's motion will therefore be denied.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendants' Motion to Dismiss or, in the alternative, for Summary Judgment [Docket No. 9] is **DENIED**.

DATED: September 24, 2002
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge